AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 1

FILED

MAY 1 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
v.
MINH TRIET DINH NGUYEN (8)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 16CR1695-BEN

FD BY KASHA K. CASTILLO
Defendant's Attorney

**REGISTRATION NO.** 57397298

☐

**THE DEFENDANT:**
☒ pleaded guilty to count(s) 2 OF THE INDICTMENT.
☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 1955 | ILLEGAL GAMBLING BUSINESS | 2 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.
☒ Assessment: $100.00 .

☐ Fine waived       ☒ Forfeiture pursuant to order filed __MARCH 17, 2017__ , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

APRIL 17, 2017
Date of Imposition of Sentence

HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

16CR1695-BEN

DEFENDANT: MINH TRIET DINH NGUYEN (8)
CASE NUMBER: 16CR1695-BEN

# PROBATION

The defendant is hereby sentenced to probation for a term of:

THREE (3) YEARS.

The defendant shall not commit another federal, state, or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

- [x] Submit person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

- [ ] If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

- [ ] Not transport, harbor, or assist undocumented aliens.

- [ ] Not associate with undocumented aliens or alien smugglers.

- [ ] Not reenter the United States illegally.

- [ ] Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

- [ ] Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

- [ ] Not possess any narcotic drug or controlled substance without a lawful medical prescription.

- [ ] Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

- [ ] Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

- [ ] Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

- [x] Provide complete disclosure of personal and business financial records to the probation officer as requested.

- [x] Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

- [ ] Seek and maintain full time employment and/or schooling or a combination of both.

- [ ] Resolve all outstanding warrants within _____ days.

- [ ] Complete _____ hours of community service in a program approved by the probation officer within

- [ ] Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

- [x] Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation until the fine or restitution is paid in full.

- [x] Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

DEFENDANT: MINH TRIET DINH NGUYEN (8)
CASE NUMBER: 16CR1695-BEN

# FINE

The defendant shall pay a fine in the amount of __$4,000.00__ unto the United States of America.

This sum shall be paid    ___ immediately.
                            _X_ as follows:

Forthwith or through the Clerk, U.S. District Court, at the rate of $200 per month. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the fine judgment at any time. Until fine has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty (30) days after the change occurs.

The Court has determined that the defendant __does__ have the ability to pay interest. It is ordered that:

_X_ The interest requirement is waived.

___ The interest is modified as follows:

FILED

17 MAR 17 AM 9:31

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___MXN___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16cr1695-BEN |
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| MINH TRIET DINH NGUYEN (8), | |
| Defendant. | |

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific property and a money judgment in the amount of $91,286.00 against the above-named Defendant, MINH TRIET DINH NGUYEN (8) ("Defendant"), pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as property derived from proceeds traceable to the violation and as property used in the violation of Title 18, United States Code, Section 1955, as charged in the Indictment; and

WHEREAS, on or about December 8, 2016, Defendant pled guilty before Magistrate Judge Nita L. Stormes to Count 2 of the Indictment, which plea included consent to the forfeiture allegations of the Indictment, including entry of a $91,286.00 judgment against the Defendant in favor of the United States and forfeiture of the following:

//

> All moneys, funds and credits in Wells Fargo Bank account 3270371341; and

WHEREAS, on January 20, 2017 this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited property and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced property, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced property which was found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following asset, and all right, title and interest of Defendant MINH TRIET DINH NGUYEN (8) in the following property are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

> All moneys, funds and credits in Wells Fargo Bank account 3270371341.

2. The aforementioned forfeited asset is to be held by the United States Marshals Service in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to

1  ancillary hearings and rights of third parties. The Court shall conduct ancillary
2  proceedings as the Court deems appropriate only upon the receipt of timely third
3  party petitions filed with the Court and served upon the United States. The Court
4  may determine any petition without the need for further hearings upon the receipt of
5  the Government's response to any petition. The Court may enter an amended order
6  without further notice to the parties.

7     4.   Pursuant to the Attorney General's authority under Section 853(n)(1) of
8  Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the
9  Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,
10 the United States forthwith shall publish for thirty (30) consecutive days on the
11 Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of
12 the United States' intent to dispose of the property in such manner as the Attorney
13 General may direct, and notice that any person, other than the Defendant, having or
14 claiming a legal interest in the above-listed forfeited property must file a petition with
15 the Court within thirty (30) days of the final publication of notice or of receipt of
16 actual notice, whichever is earlier.

17    5.   This notice shall state that the petition shall be for a hearing to
18 adjudicate the validity of the petitioner's alleged interest in the property, shall be
19 signed by the petitioner under penalty of perjury, and shall set forth the nature and
20 extent of the petitioner's right, title or interest in the forfeited property and any
21 additional facts supporting the petitioner's claim and the relief sought.

22    6.   The United States shall also, to the extent practicable, provide direct
23 written notice to any person known to have alleged an interest in the property that is
24 the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for
25 published notice as to those persons so notified.

26    7.   Upon adjudication of all third-party interests, this Court will enter an
27 Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the
28 aforementioned asset, in which all interests will be addressed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

8. In addition to forfeiture of all moneys, funds and credits in Wells Fargo Bank account described above, Defendant MINH TRIET DINH NGUYEN (8) does hereby forfeit to the United States the sum of $91,286.00 (in U.S. dollars) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) in the form of a judgment against Defendant. The Clerk of the Court is directed to enter a judgment in favor of the United States against Defendant in the amount of $91,286.00 with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961.

9. Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

10. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the judgment.

11. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

12. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a net value not to exceed $91,286.00 to satisfy the money judgment in whole or in part.

13. The United States may take any and all actions available to it to collect and enforce the judgment.

DATED: 3/12/2017

HONORABLE ROGER T. BENITEZ
United States District Judge